Citation Nr: 1448536 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-23 437A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a bilateral knee disability.

2. Entitlement to service connection for a lumbar spine disability.

3. Entitlement to service connection for a bilateral hip disability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant



ATTORNEY FOR THE BOARD

Mary E. Rude, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1976 to February 1992.

This case initially came before the Board of Veterans' Appeals (Board) on appeal of a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas. Jurisdiction was subsequently transferred to the RO in St. Petersburg, Florida.

In August 2012 the Board reopened the claims of entitlement to service connection for a bilateral knee disability and a lumbar spine disability and denied those claims and the claim of entitlement to service connection for a bilateral hip disability. Thereafter, the appellant appealed the denials of entitlement to service connection for a bilateral knee disability, a lumbar spine disability, and a bilateral hip disability to the United States Court of Appeals for Veterans Claims (Court). In a June 2013 Order Pursuant to a Joint Motion for Remand (JMR) filed by the Veteran and the Secretary, the Court set aside the Board's decision and remanded the issues on the title page. The part of the decision that reopened previously denied claims was not disturbed.

In March 2014 the Board remanded the issues for development in accordance with the June 2013 JMR. The case has now been returned to the Board.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of the appellant's case must consider these electronic records. Review of the documents in the Veteran's Virtual VA electronic claims file reveals a February 2014 Informal Hearing Presentation relevant to the issues on appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In June 2013, the Court set aside the Board's August 2012 decision because it found that VA had failed to provide reasonable efforts to obtain all relevant medical records identified by the Veteran. It specifically indicated that a remand was required so that VA could acquire 1) the Veteran's VA treatment records and 2) medical records from the University of Texas Medical Branch (UTMB)/Texas Department of Criminal Justice McConnell Unit in Beeville, Texas. In April 2014 the Veteran submitted a signed VA Form 21-4142 authorizing release of these medical records, but there is no indication in the record that these records were ever requested, and the July 2014 supplemental statement of the case indicates that the AOJ was not aware that obtaining these records was necessary prior to readjudication of these issues. The Board points out that it is obligated by law to ensure that VA complies with all remand directives; the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268 (1998). The case must therefore be again remanded in order to attempt to obtain these relevant medical records. 

Accordingly, the case is REMANDED for the following action:

1. Request the Veteran's treatment records from the UTMB/Texas Department of Criminal Justice McConnell Unit in Beeville, Texas. Provide the Veteran with the appropriate authorization for release form, if an additional release form is needed.

Make at least TWO (2) attempts to obtain these treatment records. All attempts made must be documented in the claims file, to include the unavailability of any identified records. For any identified records that are not obtained, notify the Veteran of such and provide him with an opportunity to submit those records. All attempts to obtain records should be documented in the electronic folders.

2. Following the completion of the above, the AOJ should review the evidence and determine whether the Veteran's claims may be granted. If not, he and his representative should be furnished an appropriate supplemental statement of the case and be provided an opportunity to respond. Thereafter, the case should be returned to the Board for further appellate consideration.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).


_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).